# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>**Jason P. Robbins,**<br>    Debtor.<br>**Rose A. Robbins,**<br>    Joint Debtor.<br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST**<br>Movant,<br>v.<br>**Jason P. Robbins,**<br>        Debtor/Respondent,<br>**Rose A. Robbins,**<br>          Joint Debtor,<br>**Kenneth E. West,**<br>    Trustee/Respondent. | **Bankruptcy No. 23-11352-amc**<br><br>**Chapter 13** |

## STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY

Secured creditor, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, and Jason P Robbins and Rose A Robbins, "Debtor(s)" by and through their respective attorneys, hereby stipulate as follows:

**I.    BACKGROUND:**

1. On February 12, 2015, Rose A. Robbins and Jason P. Robbins, executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $263,000.00.

2. The Mortgage was recorded on April 16, 2015, with the Philadelphia County Recorder of Deeds.

3. The Mortgage was secured as a lien against the property located in Philadelphia County commonly known as 1001 Mollbore Terrace, Philadelphia PA 19148 (the "Property").

4. The Note and Mortgage were lastly assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST.

5. Debtor(s) has defaulted under the terms of the Note and Mortgage by failing to make the monthly post-petition payments of principal, interest and escrow. As of November 21 2023, the post-petition arrearage owed to Movant is $9,552.24 and consists of six monthly mortgage payments at $1,592.04, less a suspense balance of $0.00.

6. Thus, Debtor(s)'s post-petition arrearage currently totals the sum of $9,552.24.

7. Debtor(s) further acknowledges that additional payments of principal, interest and escrow currently in the amount of $1,592.04, per month shall become due under the Note and Mortgage on the first of each successive month, beginning December 1, 2023 until the Note is paid in full. Debtor(s) acknowledges that the monthly payment is subject to change and is responsible for same.

8. U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, and Debtor(s) desire to resolve Debtor(s)'s post-petition arrearage in accordance with the set forth terms below:

II. **STIPULATION FOR RELIEF FROM STAY**

9. Debtor(s) confirms and acknowledges his obligations to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, under the Note and Mortgage.

10. Debtor(s) further confirms and acknowledges his failure to make the post-petition payments of

principal, interest and escrow in the amount of post-petition arrearage as set forth above in paragraphs 5 and 6.

11. Debtor(s) further confirms and acknowledges his obligations to make the regular post-petition payments of principal and interest going forward from December 1, 2023 as set forth above in paragraph 7.

12. Debtor is to make an immediate payment in the amount of $3,184.08 within ten (10) days of the entry of the Order. Debtor further agrees to file an Amended Plan within 30 days of the entry of an Order Approving this Stipulation which will include treatment for the remaining post-petition arrears owed to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST in the amount of $6,368.16. The plan shall state that the remaining post-petition arrears through November 1, 2023 in the amount of $6,368.16 shall be paid over the remaining life of the plan in payments by the Chapter 13 Trustee. If necessary, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST shall file a supplemental claim or amended proof of claim reflecting the remaining post-petition arrears through November 1, 2023 in the amount of $6,368.16.

13. In the event that Debtor(s) converts to a Chapter 7 during the pendency of this Bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion. Should the Debtor(s) fail to cure the arrearage, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, will send Debtor(s)'s counsel a written notification of default of this Stipulation. If the default is not cured within fifteen (15) days of the

notice, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay.

14. In the event the Debtor(s) should default on his obligations under this Stipulation by failing to comply with the provisions as set forth above in paragraph 12 and/or tender in full any of the payments described in paragraph 11, on or before the dates on which they are due, then U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, its successors and/or assigns shall serve Debtor(s)' Attorney by fax, e-mail and/or regular mail, with written notification of default.  In the event that Debtor(s) fails to cure the default within fifteen (15) days of the date of the written notification, then, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, or its assignee or successors may exercise its rights against the Mortgaged Property under the terms of this Stipulation without further notice to Debtor(s) or the Order of this Court.

15. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

16. Additionally, Debtor(s) agrees that he is not permitted more than two (2) defaults from the date of

this Stipulation. Debtor(s) agrees that if he defaults under the terms of this Stipulation more than two (2) times, then, without any further notice, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, its successors and/or assigns may exercise its rights against the Mortgaged Property under the terms of this Stipulation.

17. Neither U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST's consent to this Stipulation nor U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST's acceptance of any payments tendered by Debtor(s) shall be construed as a waiver of U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST's right to proceed with or commence a foreclosure other legal action against Debtor(s) under this Stipulation; however, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, agrees to credit Debtor(s)' account for any payments made by Debtor(s) in accordance with this Stipulation, the Note and/or Mortgage.

18. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was

modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

19. Debtor(s) hereby certifies and confirms that he has reviewed the terms of the Stipulation with his Counsel that Debtor(s) understands and is in agreement with the terms of this Stipulation, and that counsel has been authorized by Debtor(s) to sign this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Michelle L. McGowan          Date: 12/4/2023
Michelle L. McGowan
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
PA I.D 62414
13010 Morris Rd.
Suite 450
Alpharetta, GA 30004
Email: mimcgowan@raslg.com
*Attorney for Movant*

/s/ Brad J. Sadek          *with express permission*
BRAD J. SADEK
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102

NO OPPOSITION:  I have no objection to its terms, without prejudice to any of our rights and remedies

/s/ Jack Miller, Esq. for          *with express permission*
KENNETH E. WEST
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107